UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SMITH ROCKE LTD.,

                Plaintiff,

v.

REPÚBLICA BOLIVARIANA DE VENEZUELA, SUPERINTENDENCIA DE LAS INSTITUCIONES DEL SECTOR BANCARIO f/k/a/ SUPERINTENDICIA DE BANCOS Y OTRAS INSTITUCIONES FINANCIERAS, FONDO DE PROTECCIÓN SOCIAL DE LOS DEPÓSITOS BANCARIOS f/k/a FONDO DE GUARANTÍA DE DEPOSITOS Y PROTECCIÓN BANCARIA, RAFAEL JOSE MORENO FRANCO, ROSA MARÍA JIMÉNEZ URRUTIA, and JUNTA ADMINISTRADORA DE CREDICAN, C.A.,

                Defendants.

Civil Action No. _____



## COMPLAINT

Smith Rocke Ltd., by and through its undersigned attorneys, as and for its Complaint alleges the following:

1.    Smith Rocke Ltd. ("Smith Rocke") is a British Virgin Islands company that owns shares of stock in Venezuelan corporation Credican, C.A. ("Credican") and the beneficial interest in such shares. Smith Rocke brings this action to recover damages for the Republica Bolivariana de Venezuela's ("Venezuela") expropriation of certain Credican assets in the United States of which Smith Rocke is beneficial owner. Those assets consist exclusively of promissory notes and other assets that are held as part of a bankruptcy estate located in the United States and being administered in *In re Lehman Brothers Holdings Inc. et al.*, No. 08-13555 (JMP) (S.D.N.Y.) (the "Lehman Notes"). The Lehman Notes are listed on Exhibit 1 hereto.

2.       In June 2012, Venezuela informed the *Lehman* bankruptcy trustee, through the administrators Venezuela appointed for Credican who are also named as Defendants herein, that Venezuela had seized control of Credican in August 2010 and that all actions taken by Credican's shareholders, or their representatives or attorneys, in relation to Credican's claims for the Lehman Notes in *Lehman* should be deemed null and void. Venezuela did so to expropriate payments the *Lehman* trustee may make in the United States on the Lehman Notes in the future. As shareholder of Credican and beneficial owner of the Lehman Notes, Smith Rocke seeks compensation for Venezuela's expropriation of the Lehman Notes.

## PARTIES

3.       Smith Rocke is a company organized and existing under the laws of the British Virgin Islands.

4.       Venezuela is a foreign state as defined in 28 U.S.C. § 1603(a).

5.       Superintendencia de las Instituciones del Sector Bancario ("Sudeban") is a government agency of Venezuela and a foreign state as defined in 28 U.S.C. § 1603(a), as well as an organ or instrumentality of Venezuela.

6.       Fondo de Protección Social de los Depósitos Bancarios ("Fogade") is a government agency of Venezuela and a foreign state as defined in 28 U.S.C. § 1603(a), as well as an organ or instrumentality of Venezuela.

7.       Rafael José Moreno Franco ("Moreno") and Rosa María Jiménez Urrutia ("Jiménez") are Venezuelan citizens appointed by Venezuela, acting through Sudeban, as administrators of Credican, C.A. Moreno and Jimenez are agents, organs and instrumentalities of Venezuela. Through Sudeban, Venezuela appoints, supervises, directs and controls Moreno and Jiménez, who may be dismissed and replaced at will by Venezuela.

8.       The Junta Administradora de Credican, C.A. consists of Moreno and Jiménez acting in their capacity as administrators of Credican, C.A.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction without regard to amount in controversy under 28 U.S.C. §§ 1330(a). This is a nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a). This action involves claims for relief *in personam* with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §§ 1605(a)(2) and (a)(3) or any under applicable international agreement.

10. The Court has personal jurisdiction under 28 U.S.C. § 1608(a).

11. This venue is proper for this action under 28 U.S.C. § 1391(f)(1) and (f)(3).

## BACKGROUND

12. Smith Rocke owns shares of stock of Credican, a corporation organized and existing under the laws of Venezuela. Smith Rocke purchased certain Credican shares in exchange for shares of stock in Smith Rocke. The beneficial owners of Smith Rocke are some but not all of the beneficial owners of the Lehman Notes. In this manner Smith Rocke's acquisition of certain shares of Credican protects the identity of certain Venezuelans who, as beneficial owners of the Lehman Notes, reasonably fear for their personal safety, family members and property rights in Venezuela if they were to sue the Bolivarian Republic of Venezuela in a United States Court in their own names.

13. Smith Rocke also owns by assignment the beneficial interest in the Lehman Notes corresponding to the shares acquired by Smith Rocke.

14. Until October 2009, certain shareholders of Credican held an equity interest in a Venezuelan commercial bank known as Banco Canarias, C.A. ("Banco Canarias"). In October 2009, those shareholders closed on the sale of Banco Canarias to another commercial bank in Venezuela known as Banpro. After October 2009, Credican was not a shareholder of, affiliated with, or otherwise related to, Banco Canarias. After October 2009, Credican's assets included the Lehman Notes listed on Exhibit 1 to this Complaint.

15. On or about November 19, 2009, Venezuela "intervened" Banco Canarias and appointed interveners to control Banco Canarias. On or about November 27, 2009, Venezuela ordered the liquidation of Banco Canarias and, acting through Sudeban and Fogade, commenced the process for such liquidation.

16. In August 2010, almost a year after Credican had sold its shares in Banco Canarias, Venezuela appointed interveners to seize control of Credican, on the sole alleged basis that Credican and Banco Canarias are related companies.

17. On August 30, 2010, Sudeban published Resolution No. 468-10 in the Venezuelan government's official gazette, decreeing the "intervention" of Credican on the basis of findings set forth in the decree. Those findings are that Credican is a commercial company engaged in a wide range of commercial activities, that Credican's shares are owned by shareholders of Banco Canarias according to a corporate document dated September 15, 2009, and that Credican and Banco Canarias are related companies as a result of Credican and Banco Canarias having shareholders in common. Any relationship between Credican and Banco Canarias as of September 15, 2009, ended the following month when the sale of Banco Canarias occurred.

18. Venezuela's reason for its intervention of Credican is false.

19. On February 15, 2011, Sudeban published Resolution No. 058-11 in the Venezuelan government's official gazette, appointing administrators to exercise all the powers and authority of Credican's shareholders including Smith Rocke, and to take all of Credican's property, without actually taking ownership or control of the shares. Venezuela appoints and removes Credican's administrators at will to ensure Venezuela's complete and direct control of Credican's commercial business activities, including all of Credican's commercial activities in Venezuela and the United States.

20. Venezuela's intervention of Credican was on August 30, 2010, and has remained since then, an expropriation of shareholder property rights and beneficial interest in the Lehman Notes without compensation. At present all of the Defendants are participating in the expropriation and conversion of the Lehman Notes in the Southern District of New York.

21. Smith Rocke is beneficial owner of Credican and its assets, including the Lehman Notes. Through its intervention of Credican, Venezuela has expropriated Smith Rocke's property rights in the Lehman Notes and the value of Credican shares owned by Smith Rocke.

22. Venezuela has no foreign sovereign immunity in this case by virtue of the commercial activity and expropriation exceptions of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1605(a)(2) and (a)(3).

23. This action is based upon a commercial activity carried on in the United States by Venezuela, consisting of its control and prosecution of a commercial claim to collect payment on the Lehman Notes in the *Lehman* proceeding.

24. This action is upon an act performed in the United States in connection with Venezuela's commercial activity elsewhere, such act performed in the United States being Venezuela's seizure of control of Credican's claims for the Lehman Notes in the Lehman proceeding, and such commercial activity elsewhere being Venezuela's control of Credican's ongoing business operations in Venezuela.

25. This action is upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. The act outside the United States consists of the intervention of Credican. The commercial activity of Venezuela elsewhere consists of its control of Credican's ongoing commercial operations in Venezuela. The direct effect in the

United States consists of the seizure of control of *Lehman* claims by Venezuela through Credican's administrators.

26. Venezuela has taken steps in the United States to carry out the expropriation of the Lehman Notes in this country. In June 2012, Credican's administrators wrote to the United States bankruptcy trustee in *Lehman* to demand that all acts performed at the direction of Credican's shareholders and/or their representatives or attorneys should be deemed null and void, citing as their basis Venezuela's intervention decree for Credican. In this manner Venezuela stepped directly into the *Lehman* bankruptcy proceeding in the United States to take the shareholders' property without compensation.

27. Venezuela's exercise of control of Credican's commercial operations has had the intentional and direct effects in the United States. Those effects include nullifying any and all steps by Smith Rocke, its representatives and attorneys in the *Lehman* bankruptcy proceeding, seizing control of Credican's claims for payment on the Lehman Notes in that case, causing payment of the Lehman Notes to be made to the administrators, and depriving Smith Rocke of any means to protect its beneficial ownership of the Lehman Notes.

28. The expropriation exception to foreign sovereign immunity applies because in this case rights in property taken in violation of international law are in issue, and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state. Such rights in property include Smith Rocke's rights in the *Lehman* estate corresponding to the Lehman Notes, which is property present in the United States in connection with Venezuela's commercial activities in the United States to collect payment on the Lehman Notes.

29. The expropriation exception applies because that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the

foreign state and that agency or instrumentality is engaged in a commercial activity in the United States. Venezuela's agencies, Sudeban and Fogade, and Venezuela's instrumentality Credican own or operate Credican and the Lehman Notes, and are engaged in commercial activity in the United States to collect payment on the Lehman Notes.

30.     After it receives payment on the Lehman Notes from the *Lehman* bankruptcy trustee in the United States, Venezuela will not issue a shareholder dividend or otherwise compensate Smith Rocke. Venezuela will liquidate Credican as it liquidated Banco Canarias, asserting that Credican is related to Banco Canarias.

31.     Venezuela's expropriation of Smith Rocke's property without compensation is not entitled to the application of the act of state doctrine. This action does not challenge any sovereign right of Venezuela to intervene Credican, but rather seeks compensation under United States, international and other law for an expropriation effectuated in the United States.

32.     Venezuela is liable to Smith Rocke in the same manner and to the same extent as a private individual under like circumstances in accordance with 28 U.S.C. § 1606.

33.     In the *Lehman* proceeding, Credican claims that the value of the Lehman Notes is more than Three Hundred Ninety Two Million Five Hundred Thousand United States dollars (US$392,500,000).

34.     Since Credican's administrators failed to take steps from August 30, 2010, to June 2012, to assert their control over Credican's claims in *Lehman*, and since in June 2012 Credican's administrators informed the bankruptcy trustee that all steps taken on Credican's behalf by persons other than the administrators should be deemed null and void, the amount Venezuela will recover in *Lehman* may be lower than the value of the Lehman Notes.

35.     The *Lehman* bankruptcy trustee has written to Credican's Administrators that the estate expects to make a payment on the Lehman Notes on October 1, 2012.

36. Smith Rocke would be irreparably harmed if Venezuela were able to transfer out of the United States whatever payment it receives in *Lehman* for the Lehman Notes. If such transfer were to occur, Venezuela would later assert that its assets in the United States are immune from execution, and would otherwise impede execution of a judgment for Smith Rocke in this action. Justice would be served, and irreparable harm to Smith Rocke prevented, by placing any payment on the Lehman Notes in an account within the Court's jurisdiction from which withdrawals may be made only by order of the Court, pending entry and execution of final judgment in this action. Accordingly Smith Rocke is entitled to seek such temporary and preliminary injunctive relief to protect its interest in the Lehman Notes as may be appropriate.

## COUNT I

(Expropriation)

37. The allegations set forth in paragraphs 1-36 above are incorporated herein.

38. Venezuela, directly and through its co-Defendants, has taken Credican and its assets from its owners, including Smith Rocke. Such assets include the Lehman Notes, the portion of the *Lehman* bankruptcy estate in the United States corresponding to the Lehman Notes, and corresponding dividends. Venezuela acted without justification and authority in expropriating such assets without compensation.

39. Directly and through Sudeban, Fogade, Moreno and Jiménez, Venezuela has deprived Credican's shareholders of the ability to elect and empower directors to run Credican's commercial operations and to pay shareholder dividends in accordance with the shareholders' rights as owners of Credican.

40. The Defendants have not paid and refuse to pay compensation to Credican's owners for such taking, through payment of a dividend or otherwise.

41. The Defendants have an obligation under international law to compensate Credican's shareholders including Smith Rocke for the taking of Credican and its assets.

42. The Defendants are liable to pay Smith Rocke an amount of money in United States dollars to be determined at trial, which compensates Smith Rocke promptly and fully for the Lehman Notes, with pre-judgment interest, post-judgment interest, and Smith Rocke's attorneys fees. The amount for which Venezuela is liable to Smith Rocke is higher than the amount Venezuela recovers in *Lehman*.

### COUNT II

(Conversion)

43. The allegations set forth in paragraphs 1-42 above are incorporated herein.

44. All of Credican, the Lehman Notes, the portion of the *Lehman* bankruptcy estate corresponding to the Lehman Notes, and the shareholders' dividend, are property of Credican's shareholders including Smith Rocke.

45. The Defendants wrongfully and without authority converted Smith Rocke's property through the intervention decree of August 30, 2010.

46. To the extent the Defendants may have had any right to take Smith Rocke's property when Venezuela published that intervention decree, they wrongfully refuse to return such property to Smith Rocke.

47. The Defendants have intentionally interfered with Smith Rocke's ownership rights in the property by, among other things, taking ownership and control of Credican's claims, and payment thereon, in connection with the Lehman Notes in the *Lehman* bankruptcy litigation in the Southern District of New York.

48. The Defendants are liable to Smith Rocke under the substantive laws of the State of New York and Federal Common Law to pay damages for conversion to Smith Rocke, plus pre-judgment interest, post-judgment interest, and Smith Rocke's attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Smith Rocke respectfully prays that the Court enter judgment in favor of Smith Rocke and against the Defendants as follows:

49. Damages sustained by Smith Rocke in an amount to be determined at trial;

50. All applicable pre-judgment and post-judgment interest, fees, costs, and disbursements of this action; and

51. Such other, further and different relief as the Court deems just, proper and equitable consistent with the Foreign Sovereign Immunities Act.

Dated: New York, New York
September 28, 2012

CHADBOURNE & PARKE LLP

By _____
Thomas J. Hall
A Member of the Firm
Attorneys for Plaintiff Smith Rock Ltd.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 541-5369

# EXHIBIT 1

1. Lehman Brothers Treasury Co. B.V. USD 28,500,000 Six-Year Venezuelan Bolivar Linked Portfolio Notes (ISIN XS0258731909), due June 2012.

2. Lehman Brothers Treasury Co. B.V. VEB 537,500,000,000 Ten-Year Callable Portfolio Linked Notes (ISIN XS0295087042), due April 2017.

3. Lehman Brothers Treasury Co. B.V. USD 8,000,000,000 Six-Year Floating Rate Notes Linked to the Venezuelan Bolivar ISIN (XS0295087125), due April 2013.

4. Amounts due and owing under the ISDA Master Agreement and Credit Support Annex entered into by Banco Canarias Banco Universal, C.A. and Lehman Brothers International (Europe) on June 28, 2007, and the three related confirmations, dated April 14, 2008, May 22, 2008, and June 5, 2008.

5. Lehman Brothers Inc. Account No. 940-90592, including approximately 1,300,000 shares in Lehman Brothers US Dollar Liquidity Fund Service and any bonds on deposit therein.