UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMITH ROCKE LTD., <br><br>                    Plaintiff, <br><br> v. <br><br> REPÚBLICA BOLIVARIANA DE VENEZUELA, SUPERINTENDENCIA DE LAS INSTITUCIONES DEL SECTOR BANCARIO f/k/a/ SUPERINTENDENCIA DE BANCOS Y OTRAS INSTITUCIONES FINANCIERAS, FONDO DE PROTECCIÓN SOCIAL DE LOS DEPÓSITOS BANCARIOS f/k/a FONDO DE GARANTÍA DE DEPOSITOS Y PROTECCIÓN BANCARIA, RAFAEL JOSÉ MORENO FRANCO, ROSA MARÍA JIMÉNEZ URRUTIA, and JUNTA ADMINISTRADORA DE CREDICAN, C.A., <br><br>                    Defendants. | Civil Action No. 12-CV-7316 (VM) <br><br><br> **MEMORANDUM OF LAW <br> IN SUPPORT OF MOTION <br> FOR ORDER DIRECTING <br> <u>SERVICE OF PROCESS ABROAD</u>** |

Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)"), and in accordance with the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1391, 1441, 1602-1611 ("FSIA"), Plaintiff Smith Rocke, Ltd. ("Smith Rocke"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion for an order directing service of process abroad.

### PRELIMINARY STATEMENT

As set forth in the Amended Complaint in this case ("Am. Compl."), Smith Rocke owns shares and a beneficial interest in Credican, C.A. ("Credican"), a Venezuelan corporation seized (or "intervened") by the government of that country. (Am. Compl. ¶ 1.) Credican's assets consist essentially of certain notes and other assets (the "Lehman Notes") valued at more than

Four Hundred and Ten Million United States dollars ($410,000,000), which are being administered by the Plan Administrator as part of bankruptcy proceedings in *In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555 (JMP) (S.D.N.Y.). (*Id.* ¶¶ 1, 37.) Smith Rocke seeks compensation and damages for the Defendants' expropriation and conversion of Credican's assets located in New York, consisting of the Lehman Notes.

## ARGUMENT

The Defendants in this action include the República Bolivariana de Venezuela ("Venezuela"), a Venezuelan government agency known as Superintendencia de las Instituciones del Sector Bancario ("Sudeban"), another Venezuelan government agency known as Fondo de Protección Social de los Depósitos Bancarios ("Fogade"), the Junta Administradora (the "Junta") established by Venezuela to run Credican, and the two individual members of the Junta, Rafael José Moreno Franco and Rosa María Jiménez Urrutia.

Beginning in June 2012, Moreno and Jiménez wrote a series of emails to the *Lehman* Plan Administrator in New York to assert ownership and control of the Lehman Notes, asserting that Venezuela seized Credican in August 2010 through a decree issued by Sudeban, and that Sudeban created the Junta and appointed them to run Credican. The Defendants have informed counsel for the *Lehman* Plan Administrator that any and all steps taken by Credican's shareholders, including Smith Rocke, in relation to the Lehman Notes should be deemed null and void. *See* Declaration of Michael P. Socarras ("Socarras Decl.") Exhibits ("Exs.") A, B.

As this case involves a foreign state, as well as agents, organs, instrumentalities or subdivisions of Venezuela, subject matter jurisdiction, personal jurisdiction and venue are based on the FSIA, 28 U.S.C. §§ 1330, 1608, and 1391. *See Argentine Republic v. Amerada Hess*

2

*Shipping Corp.*, 488 U.S. 428, 434 (1989) (FSIA is the exclusive means to assert jurisdiction over foreign sovereigns).

At least one other District Court is attempting to resolve service of process and default issues relating to an unrelated claim against Venezuela and Fogade. *See, e.g.,* Memorandum of Law in Support of Plaintiff's Motion for Entry of Final Default Judgment at 2, *Mezerhane v. Republica Bolivariana de Venezuela*, No. 1:11-cv-23983-MGC (S.D. Fla.) ("[t]he Venezuela government has adopted a deliberate policy of frustrating service of process" which led to months-long attempts to serve process in that case by multiple means).  In particular, in other litigation, it is said that the Venezuelan Ministry of Foreign Affairs has failed to cooperate with United States service requests delivered through diplomatic channels.  Smith Rocke makes this Motion to seek an Order that would avoid delay, as well as any waste of public and private resources, by directing in advance how service is to be accomplished in accordance with the Court's inherent powers and Rule 4(f)(3).

The most effective means of serving Venezuela is set forth in 28 U.S.C. § 1608(a)(3). Subsection (a)(1) of that FSIA provision is inapplicable because there is no agreement between the parties on service of process.  Subsection (a)(2) also appears to be unavailable for two reasons.  First, in ratifying the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Venezuela objected to service by mail.  *See* Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Venezuela Declaration Reservation 3 with regard to art. 10(a), Oct. 10, 1993, 658 U.N.T.S. 163, *available at* http://www.hcch.net/index_en.php?act=status.comment&csid=429&disp=resdn.   Second, any eventual judgment of the Court in favor of Smith Rocke could be subjected to protracted

execution proceedings abroad on the basis of an argument that the Hague Service Convention applies only to civil and commercial matters (*i.e.*, private international law), and that Venezuela's seizure of Credican is a sovereign act subject only to public law. While Smith Rocke believes any such argument would be incorrect, Smith Rocke seeks to avoid a needless issue in foreign execution proceedings about whether any eventual judgment of this Court holding that the *public* nature of an expropriation does not affect a *private* right to compensation is binding on a foreign court that must examine whether service of process validly occurred under a private international law treaty.

Thus where, as here, §§ 1608(a)(1) and (a)(2) may not be available, § 1608(a)(3) expressly affords an effective alternative means of service based not on Venezuela's consent (by contract or by treaty) but on Congress's statutory determination, on behalf of <u>this</u> sovereign nation, that foreign sovereigns may be served by a mailing from the Clerk of the Court to the head of the other country's ministry of foreign relations.

In that regard, Smith Rocke disagrees with a document posted on the website of the United States Department of State, which provides that if a foreign sovereign objects to mail service, § 1608(a)(3) should not be used. *See* United States District Court Southern District of New York Clerk's Office Foreign Mailing Instructions at 6 (Oct. 12, 2012), http://www.nysd.uscourts.gov/file/forms/foreign-mailing-instructions. That Executive Branch advice may accord with diplomatic preferences, but is legally incomplete insofar as it purports to read § 1608(a)(3) out of the statute. In § 1608(a)(3), Congress statutorily provided for service by mail by the Clerk of this Court precisely where the foreign sovereign has <u>not</u> given contractual consent to be served under § 1608(a)(1), or treaty consent to be served under § 1608(a)(2). Section 1608(a)(3) is statutorily available for expeditious service by mail directly from the Court

4

to the foreign sovereign, without the Judicial Branch having to rely on the Executive Branch's diplomatic channels for service of process through the alternative means provided in § 1608(a)(4).  <u>Accordingly, Smith Rocke requests an Order directing service of process on Venezuela by the means provided in 28 U.S.C. § 1608(a)(3)</u>.

There are different ways in which Sudeban, Fogade and the Junta could be classified under the FSIA. *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 625-28, (1983) (resolving controversy over whether a defendant was a subdivision or agency); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 428, 440 (D.C. Cir. 1990) (same).  For purposes of service of process, the Court should avoid any need to resolve such an issue for service of process purposes by ordering that Sudeban, Fogade, and the Junta be served by the same means under 18 U.S.C. § 1608(a)(3) (applicable to subdivisions) or 18 U.S.C. § 1608(b)(3)(B) (applicable to agencies or instrumentalities).  In effect, those two provisions authorize practically the same means of service, regardless of whether the defendant is considered a subdivision or an agency of a foreign state, thus avoiding any need for the Court to make a determination on that issue for service of process purposes.  <u>Accordingly, Smith Rocke requests an Order directing service of process on Sudeban, Fogade and the Junta by the means provided in 28 U.S.C. §§ 1608(b)(3)(B)</u>.

As for Defendants Moreno and Jiménez, the FSIA has been held not to apply to individuals acting in their official capacity.  *See Samantar v. Yousuf*, 130 S. Ct. 2278, 2285-89, 560 US __ (2010).  Among the options for serving individuals abroad, Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders."  Thus it is appropriate for the Court to enter the Order sought in this Motion specifying mode of service on the individuals.

5

In that regard, it is reasonable, and well-calculated to produce actual notice, to serve Moreno and Jiménez in the manner they have designated for notifications in this Court's *Lehman* proceedings, as part of their effort to take Smith Rocke's property consisting of the Lehman Notes. *See* Socarras Decl. Ex. B. Their designation of an address in connection with creditor proof of claims constitutes "a filed request to mail notices to that address," unless certain events occur that are not applicable here. *See* Federal Rule of Bankruptcy Procedure 2002(g). Moreover, their designation of an address for notices in relation to *Lehman* proceedings in this Court is a circumstance not addressed in the Hague Service Convention, meaning that there is nothing in the treaty that prohibits the Court from exercising its discretion under Rule 4 to enter an Order specifying service by the means voluntarily identified by these individual Defendants. While this is not the *Lehman* bankruptcy case, this action arises directly from Moreno's and Jiménez's demand in this Court that all notices relating to the Lehman Notes be sent to them at the address they provided in Venezuela. <u>Accordingly, Smith Rocke requests an Order under Rule 4(f)(3) directing service of process on individual Defendants Moreno and Jiménez by FedEx or DHL package containing a copy of the summons, complaint, and notice of suit, with a translation of each document into Spanish, sent to the address they have designated in the Lehman proceeding; namely, Francisco de Miranda Avenue, Torres Cavendes, 14th floor, Office 14-03, Los Palos Grandes, Caracas, Venezuela.</u>

## CONCLUSION

For the foregoing reasons, the Court should issue an Order directing that Smith Rocke shall serve the individual Defendants Moreno and Jiménez by FedEx or DHL package sent to the address they have designated for notices in *Lehman* in accordance with Rule 4(f)(3), and that Smith Rocke shall serve each of the remaining Defendants by means of a FedEx or DHL

6

package containing a copy of the summons, complaint, and notice of suit, with a translation of each document into Spanish, to be sent by the Clerk of the Court to the head of the Ministry of Foreign Affairs of Venezuela in accordance with 28 U.S.C. §§ 1608(a)(3) and (b)(3)(B).[1]

Dated:  October 15, 2012                                         Respectfully submitted,

      /s/ Michael P. Socarras

Michael P. Socarras
CHADBOURNE & PARKE, LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel:   202-974-5610
Fax:   202-974-6502
msocarras@chadbourne.com

*Attorneys for Plaintiff Smith Rocke Ltd.*

---

[1] Under 28 U.S.C. § 1608(d), Venezuela, Sudeban, Fogade, and the Junta have sixty (60) days to serve an answer or other responsive pleading to the complaint after service has been made.