# Alcantar Law

**Alcantar Law PLLC**

Jose Raul Alcantar, Esq.

22 Cortlandt Street
16th Floor
New York, NY 10007

(212) 658-0222
(646) 568-5843
raul.alcantar@alcantarlaw.com
www.alcantarlaw.com

February 19, 2013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/20/13
```

*Via Facsimile*

Honorable Victor Marrero
United States Courthouse, 500 Pearl Street
New York, New York 10007
Tel: (212) 805-6374
Fax: (212) 805-6382

Re:   Request for Pre-Motion Conference in *Smith Rocke Ltd. v. Republica Bolivariana de Venezuela*, et al., 12-CV-7316 (VM) (the "Suit")

Dear Judge Marrero:

      We represent Credican, C.A. ("Credican"), a corporation organized and domiciled in Venezuela, whose property interests lie at the heart of the Suit. Credican is subject to a special administrative intervention scheme by regulators pursuant to Venezuela's finance and banking laws. Plaintiff seeks restrictions on any proceeds Credican receives on account of certain claims it holds against Lehman Brothers Holdings Inc. ("LBHI")[1] without naming Credican in the Suit. This letter requests a conference in anticipation of Credican's motion to intervene in the Suit as of right. In addition, Credican has under separate cover communicated to Plaintiff its intention to move to dismiss the Suit. In light of such exchange, Credican requests that the Court grant an extension of time to answer or file a motion to dismiss the Complaint.

      Plaintiff requests that this Court, among other things, interfere with Credican's property by placing any payment that Credican receives on account of its claims against LBHI (the "Claims") "in an account within the Court's jurisdiction from which withdrawals may be made only by order of the Court, pending entry and execution of final judgment in this action." Am. Compl. ¶ 41. Astoundingly, while the Amended Complaint names a long list of defendants, from Venezuela down to Credican's administrators in their individual capacities, it fails to name Credican, the very legal entity whose property is at issue in the Suit, as a defendant. This Court should be made aware that, despite the ongoing administrative intervention, Credican's corporate existence, with all powers and duties attendant thereto, was never terminated. Accordingly, Credican seeks to intervene in the Suit.

## Background

      Credican was incorporated on January 3, 2002, in the Mercantile Registry in Caracas, Venezuela. Credican's books and records, including the Book of Shareholders, are located at the Mercantile Registry under file number 482.868. Prior to the administrative intervention by

---

[1] Two of the four Claims were originally held by Banco Canarias, a commercial bank affiliated with Credican, and relate to LBHI's guarantee of certain notes issued by Lehman Brothers Treasury Co. B.V., a company incorporated and domiciled in the Netherlands.

Venezuela's regulatory authorities, Credican was closely-held by a few dozen shareholders, the majority of whom also had interests in a now-failed commercial bank, Banco Canarias de Venezuela, Banco Universal C.A. ("Banco Canarias"). Pursuant to Venezuelan law, to be valid with respect to the company and the public, shareholders' ownership interests and transfers thereof must be recorded in the company's Book of Shareholders. Plaintiff is not listed in Credican's Book of Shareholders. In addition to the Claims, Credican has significant assets in Venezuela which the administrators are overseeing pursuant to applicable laws and regulations.

On November 19, 2009, the *Superintendencia de las Instituciones de Sector Bancario*, the regulator of the banking and financial sectors in Venezuela ("SUDEBAN"),[2] intervened Banco Canarias, ousting its directors and management, and appointing administrators to operate the bank. The intervention was based upon Banco Canarias's systematic violations to Venezuela's banking rules and regulations, including failure to meet solvency requirements, and engaging in prohibited financial transactions with affiliated entities, including Credican. Just one month prior to the intervention, "Credican shareholders closed on the sale of Banco Canarias to another commercial bank in Venezuela known as Banpro" (Am. Compl. ¶ 16), eliminating shared ownership between the two entities. Approximately eight days after the intervention, Banco Canarias's administrators were forced to liquidate the bank and seek public funding to make depositors whole.

On August 30, 2010, SUDEBAN intervened Credican, pursuant to Resolution No. 486.10. SUDEBAN appointed administrators to replace Credican's directors and managers, and cancelled shareholder rights. The intervention was partially based on Credican engaging in illegal financial transactions with Banco Canarias. Substantially all of these transactions occurred during the period of overlapping majority ownership of both entities. The intervention sought to protect the bank's customers and creditors and preserve financial system stability. Credican's shareholders were entitled to challenge the intervention by moving for reconsideration before SUDEBAN. Though appointed by SUDEBAN, the administrators exercise independent decision-making power over Credican's affairs.

The former shareholders, however, continued to act on behalf of Banco Canarias and Credican. On December 2, 2010, an attorney retained by the former shareholders initiated a suit seeking to nullify and void Credican's intervention. Thus, Credican's former shareholders have now sought to declare the intervention null and void in Venezuela in their own name. According to Plaintiff's counsel, the relief granted therein may have retroactive effect. Unbeknownst to the administrators, the former shareholders were also acting on behalf of Credican and Banco Canarias in LBHI's bankruptcy. Specifically, on May 14, 2012, almost two and a half years after Banco Canarias was originally seized, the former shareholders effectuated the transfer of two claims against LBHI from Banco Canarias to Credican with the aid of Chadbourne & Parke LLP ("Chadbourne").[3]

Credican's current administrators discovered the Claims in late May 2012, and promptly contacted Chadbourne (ostensibly counsel to Credican in the LBHI bankruptcy) to request a status report on the Claims. Chadbourne refused to provide said report to the administrators, making the

---

[2] SUDEBAN is an independent regulatory agency organized and administered pursuant to Venezuela's General Law of Banks and Other Financial Institutions.

[3] Chadbourne & Parke LLP acted in LBHI's bankruptcy case on behalf of Banco Canarias and Credican based on powers of attorney executed on November 2, 2009, by Carlos Ponce, as Executive President, and Alvaro Gorrin, as Director, respectively.

2

novel assertion, for the first time, that, despite what filings in the LBHI case records stated, it was not Credican's counsel but, instead only represented the interests of Credican's shareholders. The administrators contacted LBHI's counsel and rightfully replaced the former shareholders in negotiating payment of the Claims to Credican. Thereafter, Chadbourne hastily withdrew as Credican's counsel in the LBHI bankruptcy and commenced this Suit.

### Credican is Entitled to Intervene in the Suit as of Right
### Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure

Second Circuit law governing Rule 24(a)(2) intervention provides that, to intervene as of right, a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.[4] Because a federal court should be open to those impacted by its proceedings, "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor."[5]

Credican clearly satisfies all four above-mentioned requirements. Credican's application would be made before any of the issues in the Suit are litigated or even briefed. Second, Credican has a direct, substantial, and legally protectable interest in the Suit – the Claims. Third, the disposition of the Suit may result in this Court interfering with millions of dollars of Credican's property. Finally, the Claims are Credican's, and not any other party's, property. Any other party's interest in the Claims is contingent or speculative. Credican's administrators, and not any governmental entity, exercise independent decision-making power over Credican's affairs, guided only by applicable Venezuelan rules and regulations. Further, even pursuant to Credican's own by-laws, any dividends are at the board's discretion, not mandatory. In short, no other party to the Suit has as direct an interest in the Claims as Credican, and thus, Credican's interest are not adequately protected by the other parties to this action.

Credican respectfully requests that the Court schedule a promotion conference to discuss the issues raised herein.

Respectfully submitted,

ALCANTAR LAW PLLC

José Raúl Alcántar Villagrán

> The parties are directed to respond by 2-25-13, by letter not to exceed three (3) pages, to the matter set forth above by Credican, C.A.
> 
> SO ORDERED.
> 2-20-13
> DATE    VICTOR MARRERO, U.S.D.J.

cc: Marcelo M. Blackburn, Esq. (via fax)

---

[4] *Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128-29 (2nd Cir. 2001) (citation omitted); *see also Hoblock v. Albany Cty. Bd. Of Elections*, 233 F.R.D. 95, 97 (N.D.N.Y. 2005), *citing D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).

[5] *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999).

3